## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| **OKECHUKWU MUMMEE AMADI** | **CIVIL ACTION NO. 07-1131-LC** |
| **VS.** | **SECTION P** |
| **US DEPARTMENT OF HOMELAND SECURITY** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Before the court is a complaint filed pursuant to the Federal Tort Claims Act ("FTCA") by pro se petitioner Okechukwu Mummee Amadi.  Plaintiff originally filed this suit on November 22, 2006, in the District of Columbia.  However, the DC court ordered the matter transferred to this court  [Doc. 7-1] and, in due course, the matter was received and filed in the Western District of Louisiana.  The transfer order noted that plaintiff was currently detained in the Western District, and that venue was proper where the plaintiff resides or where the act or omission complained of occurred. In the present case, the incident in question occurred in the Eastern District of Louisiana.  However, plaintiff, an immigration detainee in the custody of the Department of Homeland Security's Bureau of Immigration and Customs Enforcement (DHS/ICE), is presently detained at the Federal Detention Center, Oakdale, Louisiana (FDCO), located in the Western District of Louisiana.  Thus, venue is proper in this court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

On August 27, 2005, plaintiff was ordered to evacuate the Plaquemines Parish Detention Center (PPDC) due to the approach of Hurricane Katrina.  Other than an envelope of legal documents, plaintiff states that he was instructed to leave all of his belongings behind.  As a result of the hurricane,  PPDC and its contents were destroyed.  Plaintiff claims that he lost property valued in excess of $2500.00.   The complaint names as defendants the US Department of Homeland Security, and the Bureau of Immigration and Customs Enforcement, and seeks judgment for the monetary value of plaintiff's alleged personal property loss.

## LAW AND ANALYSIS

On July 5, 2007, the United States District Court for the District of Columbia granted plaintiff's motion to proceed *in forma pauperis*. [Doc. 5].  However, since plaintiff is an immigration detainee, and not a "prisoner,"the court did not apply the filing fee provisions of the Prisoner Litigation and Reform Act (PLRA) in granting his motion for leave to proceed *in form pauperis*. See 28 U.S.C. § 1915(a)(2) and (b); *Ojo v. INS*, 106 F.3d 680, 682-83 (5th Cir.1997) (holding that a detainee of the Immigration and Naturalization Service is not a prisoner for purposes of the PLRA filing fee provision); *Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000).  This case is nevertheless subject to the screening provisions of § 1915(e)(2)(B). Compare *Politis v. Dyer*, 126 Fed. Appx. 648, 649 (5th Cir. 2005)(unpublished); *Kunda v. Gold*, 2006 WL 1506706 ( N.D.Tex., 2006).

Thus, when a complaint in a civil action filed *in forma pauperis* seeks  redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to dismiss the case if it determines at any time that the complaint is frivolous, malicious, fails to

state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C.A. § 1915(e)(2)(B) (which provides,  "... the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous or malicious ... fails to state a claim on which relief may be granted... or seeks monetary relief against a defendant who is immune from suit.")  A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted).

Plaintiff's pleadings present the best case which could be presented by plaintiff under the circumstances.  Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, and that his complaint should be dismissed with prejudice.

**Federal Tort Claims Act Analysis**

Plaintiff's claim for the loss of his property by the defendant falls within the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*  As such, his claim fails.  Specifically, the FTCA is the exclusive remedy for claims sounding in common law tort against the United States, its agencies, & its employees acting within the scope of their employment. 28 U.S.C. § 2679; *F.D.I.C. v. Meyer*, 114 S.Ct. 996 (1994).  The FTCA is a limited waiver of the sovereign immunity of the United States[1].  *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1987); *Williamson v. U.S. Department of Agriculture,* 815 F.2d 368, 373 (5th Cir. 1987).  The FTCA

---

[1] The court notes that plaintiff has failed to name the proper defendant for such an action.  The proper defendant in a FTCA action is the United States of America, not the federal agency or its employees. *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988).  Nevertheless, as explained herein, even if plaintiff had named the proper defendant, his claims would not be cognizable under the FTCA.

provides that the United States can be liable in tort for any negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  28 U.S.C. §1346(b).

However, the FTCA contains exceptions to the waiver of sovereign immunity which must be strictly construed in favor of the United States.  *McMahon v. United States*, 72 S.Ct. 17, 19 (1951); *Jeanmarie v. United States*, 242 F.3d 600, 605 (5th Cir. 2001); *Atorie Air v. F.A.A.*, 942 F.2d 954, 958 (5th Cir. 1991); 28 U.S.C. §1346.  One exception found at 28 U.S.C. § 2680(c) concerns damage claims resulting from the detention of goods.  This section states:

**§ 2680 Exceptions**

The provisions of this chapter and section 1346(b) of this title shall not apply to–
(C) Any claim arising on respect of...the detention of any goods, merchandise, or other property by any...law enforcement officer....

The Fifth Circuit has held that  § 2680(c) is applicable to all claims arising from the detention of goods and merchandise by any federal law enforcement officer in the performance of his or her lawful duties.  *Halverson v. United States,* 972 F.2d 654, 655 (5th Cir. 1992), *cert. Denied,* 113 S.Ct. 1297 (1993); *Chapa v. United States Department of Justice*, 339 F.3d 388 (5th Cir. 2003).  Further, the Supreme Court has concluded that the exception applies to the negligent loss or destruction of the property while it is in the possession of law enforcement officers.  The language "arising in respect of" is synonymous with "arising out of" and "sweep[s] within the exception all injuries associated in any way with the 'detention' of goods."  *Kosak v. United States,* 104 S.Ct. 1519 (1984).  Accordingly, as plaintiff's claims fall within the scope of the FTCA, the exception contained in section 2680(c) is applicable, thereby rendering the claims not

4

actionable under the FTCA.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as his claims arise under the FTCA and are barred by the § 2680(c) exception of the FTCA.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, October 23, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE